# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Taren Atkinson,<br>     Plaintiff<br><br>v.<br><br><br>Allied Interstate, LLC,<br>     Defendant | Docket No. 3:16-CV-152-ARC<br><br>(JUDGE A. RICHARD CAPUTO)<br><br><br><br>ELECTRONICALLY FILED |

## AMENDED COMPLAINT

### I.     INTRODUCTION

1.     This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II.     JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3.     Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III.     PARTIES

4.     Plaintiff is a natural person who received telephone calls from Defendant.

5.  Defendant, Allied Interstate, LLC, is a limited liability corporation. At all relevant times, Defendant placed calls to individuals in this state.

## IV.  STATEMENT OF CLAIM

6.  Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7.  Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8.  Plaintiff has a cellular telephone number that she has had at all relevant times.

9.  Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

10. At all relevant times this phone number has been assigned to a cellular telephone service.

### *Count 1- Violation of the Act*

11. The foregoing paragraphs are incorporated herein by reference.

12. Defendant caused to be made more than 75 calls to Plaintiff's cell phone number in less than 50 days.

13. At least some of these calls were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an

artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for discovery.

14. Every year since 2010, Defendant has registered its dialing equipment with the Texas Public Utility Commission as being an "automated dial announcing device" ("ADAD").

15. Texas state law defines an ADAD as

> automated equipment used for telephone solicitation or collection that can:
> (1) store telephone numbers to be called or produce numbers to be called through the use of a random or sequential number generator; and
> (2) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator.

Tex Util. Code Ann. § 55.121.

16. As part of its registration requirements, Defendant also must provide a list of telephone numbers that will be used by its ADADs.

17. Defendant has repeatedly registered (800) 410-4391 as a number that will be used by its ADADs.

18. The caller identification information displayed on Plaintiff's cell phone confirmed that many, if not all, of the telephone calls placed to Plaintiff's cell phone originated from telephone number (800) 410-4391.

19. The Act regulates, *inter alia*, the use of an automatic telephone dialing system, which is defined as:

> equipment which has the capacity—
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
> (B) to dial such numbers.

47 U.S.C. § 227(a)(1).

20. The FCC, the agency which is charged with implementing the Act, has repeatedly held that the proper test for whether equipment constitutes an automatic telephone dialing system is whether the equipment has the requisite *capacity*.

21. In other words, according to the FCC, the test is not whether the equipment is *currently* being used to store or produce telephone numbers to be called, using a random or sequential number generator, rather the test is whether the equipment has the *potential* to perform those functions.

22. It is believed, and therefore averred, that the test to determine whether equipment constitutes an ADAD—and thus requires registration with the Texas Public Utility Commission—is more restrictive than the test to determine whether equipment constitutes an automatic telephone dialing system.

23. Thus, because Defendant admits its equipment is an ADAD, it cannot now plausibly deny that its equipment has the capacity to function as an automatic telephone dialing system.

24. Furthermore, at least one Court in this district has already held that Defendant's dialing equipment constitutes an automatic telephone dialing system under the Act. *See Morse v. Allied Interstate, LLC*, 65 F. Supp. 3d 407 (M.D. Pa. 2014)(Nealon, J.).

25. The calls made to Plaintiff's cell phone were not made for "emergency purposes," as defined in 47 C.F.R. § 64.1200C.

26. These telephone calls were not made with the Plaintiff's prior express consent.

27. These telephone calls were placed while Plaintiff was in the United States.

28. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

29. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for discovery.

30. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

*s/ Brett Freeman*
Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email bfecf@sabatinilawfirm.com

**CERTIFICATE OF SERVICE**

Service is being effectuated via the CM/ECF system.

*s/ Brett Freeman*
Brett Freeman